IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,163-01 & -02






EX PARTE MICHAEL ANDREW BAILEY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 056719-15 & 057435-15 IN THE 15TH DISTRICT COURT


FROM GRAYSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of cocaine and burglary of a habitation and sentenced to eight years' imprisonment on each count.
He did not appeal his convictions.

 Applicant contends that he was confined for sixty-nine days pursuant to a blue warrant and
that he has not been credited with this time. Applicant has alleged facts that, if true, might entitle him
to relief. Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court shall order the Texas Department of Criminal Justice's Office of the General
Counsel to file an affidavit stating whether Applicant was confined pursuant to a blue warrant and,
if so, whether he was credited with this time. The affidavit shall also state whether Applicant
submitted his claim to the time credit resolution system of TDCJ and, if so, the date the claim was
submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a hearing,
it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented
by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex. C ode Crim.
Proc. art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to whether Applicant was confined pursuant to a blue warrant and,
if so, whether Applicant was credited with this time. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 14, 2011

Do not publish